IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DAVID JAMES MATTHEW, | CV 16-00002-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| YELLOWSTONE COUNTY, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff David Matthew's Amended Complaint (Doc. 15.)  Mr. Matthew alleges a variety of constitutional violations arising from his confinement at the Yellowstone County Detention Facility ("YCDF").  On May 13, 2016, United States Magistrate Judge Ostby screened Mr. Matthew's original Complaint pursuant to 28 U.S.C. §§ 1915, 1915A, and found that the Complaint failed to state a claim.  (Doc. 10.)  This Court will now screen Mr. Matthew's Amended Complaint as required by 28 U.S.C. §§ 1915, 1915A.

I.    STATEMENT OF CASE

A.    Parties

Mr. Matthew is a federal prisoner proceeding without counsel.  He is currently incarcerated at Terminal Island FCI in San Pedro, California.  (Address Change, Doc. 20.)  At all times relevant to his claims, Mr. Matthew was

1

incarcerated at the YCDF.

Mr. Matthew names the following Defendants in his Amended Complaint: Yellowstone County, Yellowstone County Sheriff, Riverstone Health, the U.S. Marshal Service, PA Caruso, RN Scott, RN Amanda, Terry Jessee, Lt. Neiter, Lt. Metzger, C/O Langford, LPN Pinkerton, C/O Dunker, Sgt. Pluhar, C/O Prindle, 2 Jane Doe Nurses, 7 unknown John Doe YCDF officers, C/O Moyra, C/O Crockett, C/O Shirley, and C/O Deegle.  (Amd. Cmplt., Doc. 15 at 1, 3; Doc. 15-1 at 2-3.)

**B.     Allegations**

Mr. Matthew alleges Defendants violated the Americans with Disabilities Act (ADA), retaliated against him, utilized excessive force, failed to provide proper medical treatment, failed to protect him, and physically and sexually assaulted him.  (Amd. Cmplt., Doc. 15.)

**II.     SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A**

**A.     Original Complaint**

In his original Complaint (Doc. 1), Matthew named 19 defendants and listed 38 claims, including deliberate indifference to his medical, mental health and dental needs; an ADA claim; and claims regarding access to an exercise yard, broken telephones, visitation, mold in the showers, clogged air vents, fire extinguisher outlets rusted shut, overcrowding, one table per cell, poor food

quality, overpriced canteen items, lack of legal materials, harassment, graffiti on cell walls and doors, leaking water, raw sewage in dayroom, rust in cells, temporary bunks, excessive noise, damaged clothing and bedding, retaliation, conditions of confinement in the suicide/isolation cell, no barber, unclean food slots, recorded attorney phone calls; and a claim of sexual and physical assault by Officer Langford.  (Cmplt., Doc. 1 at 11-22.)

On May 13, 2016, Judge Ostby issued an order finding the Complaint violated Rule 8 of the Federal Rules of Civil Procedure, and was subject to dismissal for failure to state a claim upon which relief may be granted.  (Doc. 10.) Judge Ostby found that Mr. Matthew failed to provide sufficient facts to support his claims, failed to link each claim to specific defendants, and made only general and conclusory allegations insufficient to state a claim for relief.  Judge Ostby allowed Mr. Matthew leave to file an amended complaint and provided him with the legal standards for doing so.  Mr. Matthew was specifically advised that once he filed an amended complaint, it would supercede the original complaint, and the original Complaint would no longer serve a function in the case.  (Doc. 10 at 33, *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).)

For the reasons set forth in Judge Ostby's order of May 13, 2016 (Doc. 10), and because the claims raised in the original Complaint were not raised in the

3

Amended Complaint, all claims raised in the original Complaint (Doc. 1) should be dismissed for failure to state a claim.

In addition, the Defendants Iron, Singh, Aramark, Grosslock, Washington, and Vanessa were named in the original Complaint, but were not named as Defendants in the Amended Complaint.  These parties should also be dismissed.

**B.**     **Amended Complaint**

**1.**     **Count I:  Americans with Disabilities Act**

In his first Count, Mr. Matthew contends Defendants did not provide him with basic accommodations under the Americans with Disabilities Act, including a bunk, a "non-harmful" mattress, and pain relievers.

Mr. Matthew was instructed in Judge Ostby's May 13, 2016 order that Title II of the ADA, 42 U.S.C. § 12101 et seq., prohibits discrimination on the basis of a disability in the programs, services or activities of a public entity.  It provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

The elements of a cause of action under Title II of the ADA are (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to

4

participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Mr. Matthew was specifically instructed that the proper defendant in an ADA action is the public entity responsible for the alleged discrimination, not an individual officer. (Doc. 10 at 14.)  Mr. Matthew did not name a public entity responsible for the alleged discrimination in Count I of his Amended Complaint.

Moreover, Mr. Matthew failed to provide sufficient factual allegations to support an ADA claim as instructed in Judge Ostby's order. (Doc. 10 at 12-15.) He does not allege that he is an individual with a disability, that he was qualified to participate or receive the benefit of jail services, that he was excluded from participation in or denied the benefits of the jail's services or was otherwise discriminated against by the public entity, or that such exclusion was because of a disability.  As such, his ADA claim fails to state a claim and should be dismissed.

**2.     Counts II and III:  Excessive Force/Retaliation/Denial of Medical Care**

The Court has considered whether Mr. Matthew's claims raised in Counts II and III regarding excessive force, retaliation, and denial of medical care are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  It has also considered whether Mr. Matthew has a reasonable opportunity to prevail on the merits of these claims.  *See* 42 U.S.C. § 1997e(g)(2) (while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face of the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," defendants are required to respond).

The Court finds Mr. Matthew's allegations sufficient to state retaliation and excessive force claims against Defendants Pinkerton, Prindle, Dunker, Crockett, Metzger, Pluhar, Deegle, and Moyra.  These Defendants must file a response to Count II of the Amended Complaint.  (Doc. 15-2 at 1-12.)

The Court also finds that Mr. Matthew's allegations are sufficient to state denial of medical care claims against Defendants Dunker, Deegle, Crockett, Moyra, Metzger, and Nurses Amanda, Pinkerton, and Scott. These Defendants must file a response to Count III of the Amended Complaint. (Doc. 15-2 at 13-19.)

### 3.   Count IV:   Failure to Protect Claim Against the United States Marshals Service

The United States Marshals Service is an agency of the United States and as such is immune from suit. "[S]overeign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (emphasis added). As an agency of the United States, the U.S. Marshals Service is entitled to sovereign immunity. *Delgado v. Detention Center*, 839 F.Supp. 345, 346 (E.D.Pa. 1993); *see also Komongnan v. U.S. Marshals Service*, 471 F.Supp.2d 1, 4 (D.D.C. 2006) (dismissing action against U.S. Marshals Service in a *Bivens* action because, as an agency of the United States, the U.S. Marshals are immune from suit). Mr. Matthew has not alleged that the U.S. Marshals Service has consented to suit, which leaves its immunity intact.

The United States Marshals Service should be dismissed.

### 4.    Count V: Sexual and Physical Assault

In *Kingsley v. Hendrickson*, the United States Supreme Court held that a pretrial detainee bringing an excessive force claim "must show only that the force purposely or knowingly used against him was objectively unreasonable." ____ U.S. ____, 135 S.Ct. 2466, 2472, 192 L.Ed.2d 416 (2015).  Mr. Matthew makes only a general allegation that in December 2015 he was assaulted twice and sexually assault once by Officer Langford.  (Doc. 15-2 at 25-26.)  Mr. Matthew made this same allegation in his original Complaint.  In her order, Judge Ostby found that such a general, conclusory allegation failed to state a claim for relief because it provided no facts regarding the circumstances surrounding the alleged assaults or the manner of assault.  (Doc. 10 at 24.)  Mr. Matthew was instructed to provide additional information regarding these alleged assaults, and he failed to do so.  As Judge Ostby previously found, conclusory allegations such as these are insufficient to state a claim.  The claims of sexual and physical against Officer Langford should be dismissed for failure to state a claim.

### C.    Defendants

### 1.    Yellowstone County, Sheriff and Riverstone Health

Mr. Matthew was advised in Judge Ostby's order that a municipal entity like Yellowstone County has no respondeat superior liability under Section 1983; that

is, the County has no liability under the theory that it is liable simply because it employs a person who has violated a plaintiff's rights. (Doc. 10 at 27-29 citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).) He was advised that municipal entities such as the County can only be held liable under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *Id. citing Monell*, 436 U.S. at 690. Mr. Matthew was given specific standards for establishing County liability, and he failed to present any facts to suggest that Yellowstone County had a custom, policy or practice amounting to deliberate indifference to his constitutional rights. *Id. citing Plumeau v. School Dist. # 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotations omitted).

Mr. Matthew makes a conclusory allegation that "Yellowstone County and County Sheriff tolerate a deliberately indifferent policy and custom inside YCDF." (Doc. 15 at 4.) But he provides no facts to support such an allegation. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Yellowstone County and the Yellowstone County Sheriff should be dismissed.

The same is true of Mr. Matthew's allegations against Riverstone Health.

9

Like the County, Riverstone Health cannot be held liable on a theory of respondeat superior. *Monell*, 436 U.S. 658; *Howell v. Evans*, 922 F.2d 712, 724 (11th Cir. 1991) (private corporation providing medical services under contract with State Department of Corrections cannot be held liable on a theory of respondeat superior). As with the County, Riverstone can only be held liable for an unconstitutional custom, policy or practice.

Mr. Matthew makes only conclusory allegations against Riverstone Health, arguing that Riverstone was aware of its incompetent medical staff. This is insufficient to establish liability against Riverstone. Riverstone Health cannot be held liable on a respondeat superior theory of liability. Riverstone Health should be dismissed.

### 2.    John and Jane Does

Mr. Matthew was previously advised that the Federal Rules of Civil Procedure prescribe the process he must follow if he wishes to add as defendants subsequently identified individuals. Should Matthew learn the identities of unnamed parties he wishes to serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file a second amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197–98 (9th Cir. 2003). If the timing of his second amended complaint raises questions as

10

to the statute of limitations, Matthew must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action.

The John and Jane Doe defendants should be dismissed without prejudice.

### 3.    Lt. Neiter

On the last page of his Amended Complaint, Mr. Matthew alleges that Lt. Neiter signed off on a large number of complaints, was aware of what was happening inside the jail, and "did nothing to stop the abuse, misconduct, deliberate indifference, and unlawful customs evidenced in his jail on his 'watch.'"  (Doc. 15-2 at 26.)  "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).  The Court finds these allegations sufficient to state a supervisory claim against Lt. Neiter, and he will be required to file a responsive pleading.

### 4.    Defendants Against Whom No Claims Were Made

Mr. Matthew failed to set forth any allegations against PA Caruso, Terry Jessee, or Office Shirley in his Amended Complaint.  These Defendants should be dismissed.

11

## III.   CONCLUSION

For the reasons set forth herein, the Court recommends that Counts I, IV, and V of the Amended Complaint, and all claims raised in the original Complaint, be dismissed for failure to state a claim.  In addition, the Court recommends that Defendants Iron, Singh, Aramark, Caruso, Jessee, Shirley, Langford, Grosslock, Washington, Vanessa, Yellowstone County, Yellowstone County Sheriff, Riverstone Health, the U.S. Marshal Service, and all Doe Defendants be dismissed.   Defendants Prindle, Dunker, Crockett, Metzger, Pluhar, Deegle, Moyra, Neiter, and Nurses Amanda, Pinkerton, and Scott will be required to file a response to Mr. Matthew's excessive force, retaliation, and denial of medical care claims as alleged in Counts II and III of the Amended Complaint.

Based upon the foregoing, the Court issues the following:

### ORDER

1.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Prindle, Dunker, Crockett, Metzger, Pluhar, Deegle, Moyra, Neiter, Nurse Amanda, Nurse Pinkerton, and Nurse Scott to waive service of summons of Mr. Matthew's Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[1]  The Waivers must be returned to the Court

---

[1]Defendants recommended for dismissal need not respond at this time.

12

within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

     2. The Clerk of Court shall forward the documents listed below to Defendants Prindle, Dunker, Crockett, Metzger, Pluhar, Deegle, Moyra, Neiter, Nurse Amanda, Nurse Pinkerton, and Nurse Scott at the Yellowstone County Detention Facility, 3165 King Ave E, Billings, MT 59101 and to the Yellowstone County Attorney, 217 N. 27th Street, Room 701, Billings, MT 59101.

* Complaint (Doc. 1);
* Court's Order of May 13, 2016 (Doc. 10);
* Amended Complaint (Doc. 15);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. See D. Mont. L.R. 12.2.

     3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Mr. Matthew <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6. At all times during the pendency of this action, Mr. Matthew must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. All claims raised in Mr. Matthew's original Complaint (Doc. 1) should be DISMISSED.

2. Defendants Iron, Singh, Aramark, Caruso, Jessee, Shirley, Langford, Grosslock, Washington, Vanessa, Yellowstone County, Yellowstone County

Sheriff, Riverstone Health, the U.S. Marshal Service, and all Doe Defendants

should be DISMISSED.

3.  Mr. Matthew's claims raised in Counts I, IV, V of the Amended

Complaint (Doc. 15) should be DISMISSED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Matthew may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 15th day of February, 2017.

_____
Timothy J. Cavan
United States Magistrate Judge

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed. R. Civ. P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

15