IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
APR - 5 2017
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| DAVID JAMES MATTHEW, <br><br> Plaintiff, <br><br> vs. <br><br> YELLOWSTONE COUNTY, et al, <br><br> Defendants. | CV 16-02-BLG-SPW <br><br> ORDER |

Plaintiff David James Matthew brought a complaint against various government entities and agents alleging constitutional violations arising from his confinement at the Yellowstone County Detention Facility. On May 13, 2016, United States Magistrate Judge Ostby screened Matthew's complaint pursuant to 28 U.S.C. §§ 1915, 1915A, and found that the complaint failed to state a claim. (Doc. 10). This Court adopted Judge Ostby's finding in full. (Doc. 14).

On July 5, 2016, Matthew filed an amended complaint. (Doc. 15). United States Magistrate Judge Cavan screened Matthew's amended complaint pursuant to 28 U.S.C. §§ 1915, 1915A. Judge Cavan recommends all claims in the original complaint be dismissed, counts I, IV, and V of the amended complaint be dismissed, and numerous defendants be dismissed. (Doc. 21). Matthew objects to

the dismissal of Yellowstone County, the Yellowstone County Sheriff's Office, the United States Marshal Service, and Riverstone Health. (Doc. 28).

## I. Statement of the case

Matthew does not object to the Statement of the Case contained in Judge Cavan's Findings and Recommendations. Judge Cavan's Statement of the Case is therefore adopted in full.

## II. Law

### A. Standard of review

A district court reviews de novo any part of a Magistrate Judge's Findings and Recommendations to which there has been proper objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### B. Motion to Dismiss

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

2

## III. Discussion

Judge Cavan found Yellowstone County, the Yellowstone County Sheriff's Office, and Riverstone Health ("Yellowstone County Defendants") should be dismissed because Matthew failed to allege any facts that impose liability on the entities. (Doc. 21 at 8-9). Judge Cavan found the Marshal Service should be dismissed because it has sovereign immunity as an agency of the United States. (Doc. 21 at 7). Matthew argues the Yellowstone County Defendants and the Marshal Service are not immune from suit and should not be dismissed. The Court agrees with Judge Cavan.

### A. The Yellowstone County Defendants

A municipal entity has no respondeat superior liability under 42 U.S.C. § 1983. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). Instead, § 1983 imposes liability on municipal entities where official policy or custom causes a constitutional tort. *Monell*, 436 U.S. at 690. The rule in *Monell* applies with equal force to private corporations providing medical services under contract with the State. *See Howell v. Evans*, 922 F.2d 712, 724 (11th Cir. 1991).

Here, Matthew misconstrues Judge Cavan's finding. Judge Cavan did not suggest the Yellowstone County Defendants were immune from suit. Instead, Judge Cavan found Matthew's amended complaint alleged facts that imposed liability on the Yellowstone County Defendants under a theory of respondeat

3

superior. But because *Monell* bars imposition of liability on municipal entities based on respondeat superior in § 1983 actions, Judge Cavan found the amended complaint failed to state a claim for relief against the Yellowstone County Defendants. (Doc. 21 at 8-10). The Court agrees with Judge Cavan that the complaint fails to meet the *Monell* standard.

### B. The Marshal Service

In the absence of an express waiver, sovereign immunity precludes suits against the United States and its agencies. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). "[N]o cause of action for damages for constitutional violations—whether called a *Bivens* action or not—is to be implied against government agencies." *Taylor v. FDIC*, 132 F.3d 753, 768 (D.C. Cir. 1997); *see FDIC v. Meyer*, 510 U.S. 471, 484-486 (1994). It is precisely because government agencies are immune from suit that *Bivens* actions, which impose liability on officers, even exist. *Meyer*, 510 U.S. at 485.

Here, Matthew argues several cases hold the Marshal Service is not immune from suit. (Doc. 28 at 3-6). Matthew is simply incorrect. *Mitchell* and *Meyer* make clear that *Bivens* actions may be maintained against individual federal officers, but not federal agencies. The Court agrees with Judge Cavan that the amended complaint fails to state a claim against the Marshal Service because the Marshal Service is immune from suit.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED:

1. Judge Cavan's Findings and Recommendations (Doc. 21) are ADOPTED IN FULL.

2. All claims raised in Matthew's original complaint (Doc. 1) are DISMISSED.

3. Defendants Iron, Singh, Aramark, Caruso, Jessee, Shirley, Langford, Grosslock, Washington, Vanessa, Yellowstone County, Yellowstone County Sheriff, Riverstone Health, the U.S. Marshal Service, and all Does Defendants are DISMISSED.

4. The claims raised in Counts I, IV, and V of Matthew's amended complaint (Doc. 15) are DISMISSED.

DATED this 5th day of April, 2017.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge