IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DAVID JAMES MATTHEW, | CV 16-00002-BLG-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| YELLOWSTONE COUNTY, et al., | |
| Defendants. | |

At issue are Plaintiff David Matthew's motion for leave to file a second amended complaint (Doc. 42), Defendants' motion for summary judgment (Doc. 55), Mr. Matthew's motion to continue (Doc. 79), and the issue of service on Defendants Amanda, Pinkerton, and Scott.

By way of background, this Court issued an Order on February 15, 2017 directing the service of Plaintiff David Matthew's Amended Complaint (Doc. 15) on Defendants Prindle (Justin Prindle), Dunker (Jake Dunker), Crockett (Heather Crockett), Metzger (Steve Metzger), Pluhar (Carolyn Pluhar), Deegle (Brian Degele), Moyra (Chris Myrup), Neiter (Timothy Neiter), Nurse Amanda, Nurse Pinkerton, and Nurse Scott on Counts II and III of the Amended Complaint.[1]

---

[1]The Court has provided in parenthesis the full names of Defendants provided in their Answers to Mr. Matthew's First Amended Complaint.

1

(Doc. 21.)  On April 5, 2017, District Court Judge Morris adopted the Findings and Recommendations in full, dismissed Counts I, IV, and V of the Amended Complaint (Doc. 15), and dismissed Defendants Iron, Singh, Aramark, Caruso, Jessee, Shirley, Langford, Grosslock, Washington, Vanessa, Yellowstone County, Yellowstone County Sheriff, Riverstone Health, the U.S. Marshal Service, and all Does Defendants.  (Doc. 37 at 5.)

After the adoption of the Findings and Recommendations, the following claims remained:  (1) a supervisory liability claim against Timothy Neiter; (2) excessive force claims against Justin Prindle, Chris Myrup, Brian Degele, Steve Metzger, Jake Dunker, Carolyn Pluhar, and Heather Crockett, and (3) deliberate indifference to medical need claims against Chris Myrup, Brian Degele, Steve Metzger, Jake Dunker, Heather Crockett, and Nurses Amanda, Pinkerton, and Scott.

Defendants Crockett, Degele, Dunker, Metzger, Myrup, Neiter, Pluhar and Prindle filed Answers to the Amended Complaint on April 3, 2017.  (Docs. 29-36.) Nurses Amanda, Pinkerton and Scott did not respond to the Court's request for waiver of service and have not been served.

On April 10, 2017, the Court issued a Scheduling Order directing Mr. Matthew to provide the necessary information to effectuate service on Defendants

Amanda, Pinkerton, and Scott on or before July 7, 2017.  (Doc. 39 at 2.)  On May 22, 2017, Mr. Matthew filed a motion for leave to file a second amended complaint in which he indicated that these nurses were employed by Riverstone Health in Billings, Montana.  (Doc. 42.)

Defendants Crockett, Deegle, Dunker, Moyra, Prindle, Metzger, Neiter, and Pluhar filed a motion for summary judgment on July 6, 2017.  (Doc. 55.)  Instead of filing a response to the motion, Mr. Matthew filed a motion to continue (Doc. 79) seeking to stay ruling on Defendants' motion for summary until after resolution of the motion for leave to amend.

## I.  Motion for Leave to Amend

On May 22, 2017, Mr. Matthew filed a motion for leave to amend his complaint.  (Doc. 42.)  The proposed Amended Complaint added new failure to protect claims against individuals with the United States Marshals Office (Count I) and renewed his excessive force and denial of medical claims against Defendants Prindle, Dunker, Degele, Myrup, Metzger, Neiter, Pluhar, Nurses Scott, Amanda, and Pinkerton, Riverstone Health, Yellowstone County, and Sheriff Linder (Counts II and III).

Defendants responded to the motion arguing that Mr. Matthew was attempting to circumvent the Court's screening process by amending his complaint

3

to re-allege already dismissed claims and include already dismissed defendants. They argue (without citation to authority) that he is violating the law of the case by attempting to re-litigate already dismissed claims.

"Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Almazan-Becerra*, 537 F.3d 1094, 1096–97 (9th Cir. 2008) (*quoting United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)).  However, "[t]he [law-of-the-case] doctrine simply does not impinge upon a district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order." *City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001).

As far as the Court can discern, the new claims in the Second Amended Complaint are only against United States Marshals Daq, Patrick, an unknown U.S. Marshal supervisor, and Nurse Jessica.  Mr. Matthew is also attempting to correct deficiencies with his claims against Defendants Riverstone Health Clinic, Yellowstone County, and Sheriff Linder.

Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the

4

opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . " *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the *Foman* factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." *Id.* (*citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)).

### A. Yellowstone County, Sheriff Linder, and Riverstone Health Clinic

Early on in this litigation Mr. Matthew was given specific standards for establishing County/entity liability and he failed to present any facts to suggest that Yellowstone County, Sheriff Linder, or Riverstone Health had a custom, policy or practice amounting to deliberate indifference to his constitutional rights. (Doc. 10 at 27-29 citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).) He filed an amended complaint which failed to meet these standards and all claims against Yellowstone County, the Yellowstone County Sheriff, and Riverstone Health were dismissed on April 5, 2017. (Doc. 37.)

In his second amended complaint, Mr. Matthew makes a third attempt to state a municipal/entity liability claim by making the conclusory claim that

"Riverstone Health Clinic, Yellowstone County, and Yellowstone County Sheriff were aware of their employees numerous unlawful human and civil rights violations.  The County, Sheriff, and Clinic, have lost many law suits for their employees causing injury to detainees, yet they do nothing to correct the problems, injuries, and harm done by their employees, officers, and agents."  (Second Amended Complaint, Doc. 42-1 at 22.)  These conclusory allegations are still insufficient.

Mr. Matthew failed to allege any facts which "might plausibly suggest" that he was subject to a constitutional deprivation pursuant to any municipal custom, policy, or practice implemented or promulgated with deliberate indifference to his constitutional rights, or that such a policy was the "moving force" or cause of his injury.  *See Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims).  After *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "[a]llegations of *Monell* liability will be sufficient for purposes of Rule 12(b)(6) where they:  (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e., show how the deficiency involved was obvious and the constitutional injury was likely to occur."  *Young v. City of Visalia*, 687

6

F.Supp.2d 1155, 1163 (E.D. Cal. 2010).  Following *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *Monell* claims must contain sufficient allegations to give fair notice to the opposing party and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)(*quoting Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Even assuming that a violation of Mr. Matthew's constitutional rights occurred, the bald and conclusory allegation that Defendants had been previously sued does not demonstrate the existence of a municipal policy or custom.  *See McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000) (citation omitted) ("[o]nly if a plaintiff shows that his injury resulted from a permanent and well settled practice may liability attach for injury resulting from a local government custom).  Mr. Matthew simply failed to provide sufficient factual allegations regarding the nature of those alleged lawsuits and/or the results of those lawsuits to plausibly state a *Monell* claim against these Defendants.

Similarly, his boilerplate assertion that Defendants failed to provide their employees training against the use of excessive force is also insufficient.  As to failure to train, the United States Supreme Court has held that "the inadequacy of

7

police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ("Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.").

A section 1983 plaintiff alleging a policy of failure to train peace officers must show:  (1) he/she was deprived of a constitutional right; (2) the local government entity had a training policy that amounts to deliberate indifference to constitutional rights of persons with whom its peace officers are likely to come into contact; and (3) his/her constitutional injury would have been avoided had the local government unit properly trained those officers.  *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).

Mr. Matthew has not alleged sufficient facts to support the proposition that Defendants were deliberately indifferent with respect to the training or that known or obvious consequences were disregarded.  *See, e.g., Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("Deliberate indifference is a stringent standard of fault requiring proof that a municipal actor disregarded a known or obvious

8

consequence of his action.").

For both claims, Mr. Matthew merely presents a recitation of the elements of *Monell* causes of action based on policy, practice or custom, and failure to train and supervise and does not provide sufficient supporting facts. *See Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011)(complaint was a "formulaic recitation of a cause of actions's elements" and no facts alleged concerning key elements of the *Monell* claims).

As such, Mr. Matthew's motion to amend to include newly added/revised claims against Defendants Yellowstone County Commissioner(s) unknown, Yellowstone County Sheriff Mike Linder, and Riverstone Health Clinic CEO unknown should be denied as being futile.

## B.  New Defendants and Remaining Claims

The motion to amend will be granted as to the United States Marshal individual defendants Patrick and Daq and Nurse Jessica and as to the claims of against the other Defendants.

In summary, the motion to amend will be granted except as to Mr. Matthew's claims against Defendants Yellowstone County Commissioner(s) unknown, Yellowstone County Sheriff Mike Linder, and Riverstone Health Clinic CEO unknown.

## II.  Motion for Summary Judgment

In light of the granting, in part of Mr. Matthew's motion to amend, Defendants' Motion for Summary Judgment should be denied without prejudice because it pertains to a pleading which is no longer the operative complaint.

Although this is the basis for the denial of the motion, the Court notes that this case presents serious questions of fact which will unlikely be able to be resolved by a motion for summary judgment.  Mr. Matthew contends he broke his hip/leg during the incident in his cell involving a number of officers.  Defendants contend that Mr. Matthew broke his own leg/hip by throwing himself onto the floor of the holding cell after the cell extraction.  The Court has reviewed the videos of the cell extraction and the holding cell.  Based upon these videos there is clearly an issue of material fact regarding the cause of Mr. Matthew's injuries and whether or not there was an excessive use of force.  Furthermore, Mr. Matthew was made to lie in the holding cell for nearly four hours in pain without any medical treatment after he admittedly had broken his hip/leg and thereafter was not taken to the hospital for treatment for nearly a month.  This clearly raises an issue of fact regarding deliberate indifference to a serious medical need.

## III.  Conclusion

For the reasons set forth herein, the Court recommends that Mr. Matthew's

motion for leave to amend to include newly added/revised claims against Yellowstone County, Sheriff Linder, and Riverstone Health be denied as futile. Further, Defendants' Motion for Summary Judgment (Doc. 55) should be denied without prejudice.

The Court will direct service upon the newly named Defendants and upon the nurses at Riverstone Health Clinic. These Defendants will be given an opportunity to respond to the Complaint and a new scheduling order will be issued once they have done so.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Mr. Matthew's Motion for Leave to Amend Complaint (Doc. 42) is GRANTED IN PART. The Clerk of Court is directed to file the proposed Second Amended Complaint (Doc. 42-1) and pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Patrick, Daq, Nurse Amanda, Nurse Pinkerton, Nurse Jessica, and Nurse Scott to waive service of summons of Mr. Matthew's Second Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waivers must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of

11

Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).  The remaining Defendants shall respond to the Second Amended Complaint within 14 days as required by Rule 15(a)(3) of the Federal Rules of Civil Procedure.

    2.  The Clerk of Court shall forward the documents listed below to:

Deputy United States Marshal Daq  
Deputy United States Marshal Patrick  
2601 2nd Avenue N, Suite 2300  
Billings, MT 59101

United States Attorney's Office  
2601 2nd Avenue N., Suite 3200  
Billings, MT  59101

Victoria Scott, Amanda Marshall,  
Jaylene Pinkerton, and Nurse Jessica  
Riverstone Health Clinic  
123 South 27th Street  
Billings, MT 59101

    \*     Second Amended (Doc. 42-1);  
    \*     this Order;  
    \*     a Notice of Lawsuit & Request to Waive Service of Summons; and  
    \*     a Waiver of Service of Summons.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed.  See D. Mont. L.R. 12.2.

    3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation,

pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Mr. Matthew <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5.  Mr. Matthew's Motion to Continue Action on County Defendants' Motion for Summary Judgment pending Plaintiff's Motion to Amend Complaint (Doc. 79) is GRANTED.

6.  At all times during the pendency of this action, Mr. Matthew must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Matthew's Motion for Leave to Amend (Doc. 42) should be DENIED IN PART with regard to his revise claims against Defendants Yellowstone County Commissioner(s) unknown, Yellowstone County Sheriff Mike Linder, and Riverstone Health Clinic CEO.

2.  Defendants' Motion for Summary Judgment (Doc. 55) should be

DENIED WITHOUT PREJUDICE.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 26th day of January, 2018.


_/s/ John Johnston_
John Johnston
United States Magistrate Judge

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Matthew is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DAVID JAMES MATTHEW,<br><br>             Plaintiff,<br><br>      vs.<br><br>YELLOWSTONE COUNTY, et al.,<br><br>             Defendants. | CV 16-00002-BLG-BMM-JTJ<br><br>Rule 4 Notice of a Lawsuit and<br>Request to Waive Service of<br>Summons |

TO:   Deputy United States Marshal Daq
        Deputy United States Marshal Patrick
        2601 2nd Avenue N, Suite 2300
        Billings, MT  59101

        United States Attorney's Office
        2601 2nd Avenue N., Suite 3200
        Billings, MT  59101

and

        Victoria Scott
        Amanda Marshall
        Jaylene Pinkerton, and
        Nurse Jessica
        Riverstone Health Clinic
        123 South 27th Street
        Billings, MT  59101

        A lawsuit has been filed against you in this Court under the number shown

above.  A copy of the Second Amended Complaint is attached.

1

This is not a summons or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to serve the summons and complaint on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 26th day of January, 2018.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge

2

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DAVID JAMES MATTHEW, | CV 16-00002-BLG-BMM-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Waiver of the Service of Summons |
| YELLOWSTONE COUNTY, et al., | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Second Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Second Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;   _____;

_____;   _____;

_____;   _____;

_____;   _____;

_____;   _____;

1

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

2